**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OSVIN BRYAN MENDEZ-RAMIREZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Civil Action No. 26-10251 (JXN)<br><br>**OPINION** |

**NEALS**, District Judge

Before the Court is Petitioner Osvin Bryan Mendez-Ramirez's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 challenging his continued detention. (ECF No. 1.) Respondents filed an opposition to the Petition (ECF No. 4), and Petitioner replied in further support (ECF No. 5). The Court considered the parties' submissions in support of and opposition to the Petition and decides the Petition without oral argument under Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, Petitioner's Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a native of Guatemala, unlawfully entered the United States on September 5, 2017. (ECF No. 4 at 1.) On the same day, Petitioner encountered Border Patrol agents. (*Id.*) On September 6, 2017, Petitioner was served with a Notice and Order of Expedited Removal. (*Id.*) On September 7, 2017, an asylum officer found Petitioner did not have credible fear of persecution or

torture if returned to his home country. (*Id.*) On the same day, Petitioner was released on an Order of Release on Recognizance. (ECF No. 1-4.)

On August 10, 2026, immigration officials arrested Petitioner. (ECF No. 1 at 3.) On the same day, Petitioner was issued another Notice and Order of Expedited Removal. (ECF No. 4-3.) Petitioner is subject to a final order of removal.

On August 13, 2026, Petitioner filed the instant Petition arguing, among other things, that the government may not detain him under 8 U.S.C. § 1225(b). (*See generally* ECF No. 1.) Respondents filed a letter response arguing that Petitioner is lawfully detained and subject to a final order of removal under 8 U.S.C. § 1225(b)(1), or alternatively 8 U.S.C. § 1231(a). (*See generally* ECF No. 4.) Petitioner replied. (ECF No. 5.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The petitioner bears the burden of showing that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DISCUSSION

In his Petition, Petitioner argues that he is unlawfully detained under 8 U.S.C. § 1225(b) in violation of his due process rights. (ECF No. 1 at 4-5.) In response, Respondents submit that

Petitioner is lawfully detained under 8 U.S.C. § 1225(b)(1) based on his September 2017 final order of removal, or alternatively Petitioner is detained under 8 U.S.C. § 1231(a) based on his 2017 final order of removal. (ECF No. 4.) Petitioner replied, arguing that because Respondents have provided the Court with a September 2017 and an August 2026 final order of expedited removal, it is unclear which final order of removal he is currently detained under. (ECF No. 5.) Petitioner argues that Respondents have not established a procedural basis for his final order of removal. (*Id.*)

Respondents have provided the Court with a signed Order of Removal from August 10, 2026. (ECF No. 4-3.) Petitioner is now subject to a final order of removal. Although Petitioner argues that it is unclear whether his 2017 or 2026 final order of expedited removal controls, the Court must only determine whether Petitioner is subject to a final order of removal. At the latest, Petitioner has been subject to an administratively final order of removal since August 10, 2026. The Court finds Respondents' position that Petitioner is subject to lawful detention under 8 U.S.C. § 1225(b)(1) unsupportable. The Court finds that, based on his final order of removal, Petitioner's detention is governed by the post-removal statute, 8 U.S.C. § 1231(a). *See Clark v. Martinez*, 543 U.S. 371, 378-379 (2005) (expanding the holding in *Zadvydas*, 533 U.S. at 701 to apply to noncitizens who were deemed inadmissible).

Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted). Petitioner's final order of removal became administratively final on

August 10, 2026, and Petitioner has been detained since then. As a result, Petitioner's detention remains within the 90-day mandatory detention period, making any challenge to his § 1231 detention premature.

Additionally, this Court lacks jurisdiction to consider Petitioner's arguments that Respondents failed to provide the procedural basis for his final order of removal or that his final order of removal contains procedural deficiencies. This Court cannot participate in, or facilitate, a review of the merits of a removal order. Instead, "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions," related to a removal order is exclusively available with the Court of Appeals after a final removal order has been issued. *See* 8 U.S.C. § 1252(a)(5), (b)(9) (observing that no court shall have jurisdiction to review a final order of removal by any habeas corpus provision). "[W]hen [noncitizens] can get review later—by litigating before an immigration judge, the Board of Immigration Appeals, and then by way of a [petition for review] to a court of appeals—they must do so." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026).

"A now-or-never claim must raise legal or factual *questions* that a court of appeals will not later be able to review meaningfully on a [petition for review]. It is not enough to assert an injury that cannot be remedied later." *Id.* at 274–75 (emphasis in original). Petitioner's claims of wrongful detention depend on whether he may be removed from the United States, which is a question that can be answered in a petition for review.

> [O]ur legal system routinely forces petitioners—even those with meritorious claims—to wait to raise their arguments. Consider an innocent defendant who was convicted of a serious crime and imprisoned because his trial lawyer was ineffective. His detention is wrongful: He did not actually commit the crime. But that does not entitle him to seek immediate release through habeas; first, he must exhaust his direct appeal.

*Id.* at 275. On the facts before the Court, Petitioner's wrongful detention claims are "not 'wholly collateral' to the removal process; they are 'inextricably linked' to it." *Id.* at 274. Therefore, the Court lacks jurisdiction over these claims pursuant to § 1252(a)(5), (b)(9).

## IV. CONCLUSION

For the reasons set forth above, the Petition (ECF No. 1) is **DENIED**. An appropriate Order accompanies this Opinion.

**DATED**: 10/8/2026

**JULIEN XAVIER NEALS**
**United States District Judge**